UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SOPHIE MOY,<br><br>    Plaintiff,<br><br>    v.<br><br>KILOLO KIJAKAZI, Acting Commissioner of Social Security,<br><br>    Defendant. | No.  2:20-cv-01319 AC<br><br>**ORDER** |

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner"), denying her application for disability insurance benefits ("DIB") under Title II of the Social Security Act ("the Act"), 42 U.S.C. §§ 401-34.[1]  For the reasons that follow, plaintiff's motion for summary judgment will be GRANTED, and defendant's cross-motion for summary judgment will be DENIED.  The matter will be reversed and remanded to the Commissioner for further proceedings.

I. PROCEDURAL BACKGROUND

Plaintiff applied for DIB on March 21, 2017.  Administrative Record ("AR") 15.[2]  The

---

[1] DIB is paid to disabled persons who have contributed to the Disability Insurance Program, and who suffer from a mental or physical disability.  42 U.S.C. § 423(a)(1); Bowen v. City of New York, 476 U.S. 467, 470 (1986).

[2] The AR is electronically filed at ECF No. 12 (AR 1 to AR 848).

1

disability onset date was May 1, 2013.  Id.  The application was denied initially and on reconsideration.  Id.  On January 17, 2019, Administrative Law Judge ("ALJ") Judith A. Kopec presided over the hearing on plaintiff's challenge to the disapprovals.  AR 32-69 (transcript). Plaintiff, who appeared with her counsel, Jeffery R. Duarte, was present at the hearing.  AR 34. David Dettmer, a Vocational Expert ("VE"), also testified at the hearing.  Id.

On May 28, 2019, the ALJ found plaintiff "not disabled" under Sections 216(i) and 223(d) of Title II of the Act, 42 U.S.C. §§ 416(i), 423(d).  AR 12-26 (decision), 27-31 (exhibit list).  On May 22, 2020, after receiving Exhibit 13E, Representative Brief dated August 2, 2019 as an additional exhibit, the Appeals Council denied plaintiff's request for review, leaving the ALJ's decision as the final decision of the Commissioner of Social Security.  AR 1-6 (decision and additional exhibit list).  Plaintiff filed this action on July 1, 2020.  ECF No 1.  The parties consented to the jurisdiction of the magistrate judge.  ECF Nos. 6, 9.  The parties' cross-motions for summary judgment, based upon the Administrative Record filed by the Commissioner, have been fully briefed.  ECF Nos. 15 (plaintiff's summary judgment motion), 21 (Commissioner's summary judgment motion).

## II.  FACTUAL BACKGROUND

Plaintiff was born in 1970, and accordingly was a younger person under the regulations when she filed her application.[3]  AR 24.  Plaintiff has a GED, formal vocational training as a dental assistant, and can communicate in English.  AR 24, 36.  Plaintiff worked as a dental assistant from 2004 into 2005, as an insurance clerk in 2008 through 2009, and in various positions through a temp agency in 2013 into 2014.  AR 37-42.

## III.  LEGAL STANDARDS

The Commissioner's decision that a claimant is not disabled will be upheld "if it is supported by substantial evidence and if the Commissioner applied the correct legal standards." Howard ex rel. Wolff v. Barnhart, 341 F.3d 1006, 1011 (9th Cir. 2003).  "'The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . ..'" Andrews

---

[3]  See 20 C.F.R. § 404.1563(c) ("younger person").

2

v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995) (quoting 42 U.S.C. § 405(g)).

Substantial evidence is "more than a mere scintilla," but "may be less than a preponderance." Molina v. Astrue, 674 F.3d 1104, 1111 (9th Cir. 2012). "It means such evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (internal quotation marks omitted). "While inferences from the record can constitute substantial evidence, only those 'reasonably drawn from the record' will suffice." Widmark v. Barnhart, 454 F.3d 1063, 1066 (9th Cir. 2006) (citation omitted). Although this court cannot substitute its discretion for that of the Commissioner, the court nonetheless must review the record as a whole, "weighing both the evidence that supports and the evidence that detracts from the [Commissioner's] conclusion." Desrosiers v. Secretary of HHS, 846 F.2d 573, 576 (9th Cir. 1988); Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985) ("The court must consider both evidence that supports and evidence that detracts from the ALJ's conclusion; it may not affirm simply by isolating a specific quantum of supporting evidence.").

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002). However, the court may review only the reasons stated by the ALJ in his decision "and may not affirm the ALJ on a ground upon which he did not rely." Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007); Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir. 2003) ("It was error for the district court to affirm the ALJ's credibility decision based on evidence that the ALJ did not discuss").

The court will not reverse the Commissioner's decision if it is based on harmless error, which exists only when it is "clear from the record that an ALJ's error was 'inconsequential to the ultimate nondisability determination.'" Robbins v. Soc. Sec. Admin., 466 F.3d 880, 885 (9th Cir. 2006) (quoting Stout v. Commissioner, 454 F.3d 1050, 1055 (9th Cir. 2006)); see also Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005).

////

IV.  RELEVANT LAW

Disability Insurance Benefits and Supplemental Security Income are available for every eligible individual who is "disabled."  42 U.S.C. §§ 402(d)(1)(B)(ii) (DIB), 1381a (SSI).  Plaintiff is "disabled" if she is "'unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment . . ..'"  Bowen v. Yuckert, 482 U.S. 137, 140 (1987) (quoting identically worded provisions of 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A)).

The Commissioner uses a five-step sequential evaluation process to determine whether an applicant is disabled and entitled to benefits.  20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4); Barnhart v. Thomas, 540 U.S. 20, 24-25 (2003) (setting forth the "five-step sequential evaluation process to determine disability" under Title II and Title XVI).  The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity?  If so, the claimant is not disabled.  If not, proceed to step two.

20 C.F.R. § 404.1520(a)(4)(i), (b).

> Step two: Does the claimant have a "severe" impairment?  If so, proceed to step three.  If not, the claimant is not disabled.

Id. §§ 404.1520(a)(4)(ii), (c).

> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1?  If so, the claimant is disabled.  If not, proceed to step four.

Id. §§ 404.1520(a)(4)(iii), (d).

> Step four: Does the claimant's residual functional capacity make him capable of performing his past work?  If so, the claimant is not disabled.  If not, proceed to step five.

Id. §§ 404.1520(a)(4)(iv), (e), (f).

> Step five: Does the claimant have the residual functional capacity perform any other work?  If so, the claimant is not disabled.  If not, the claimant is disabled.

Id. §§ 404.1520(a)(4)(v), (g).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process.  20 C.F.R. § 404.1512(a) ("In general, you have to prove to us that you are blind or

disabled"), § 416.912(a) (same); Bowen, 482 U.S. at 146 n.5. However, "[a]t the fifth step of the sequential analysis, the burden shifts to the Commissioner to demonstrate that the claimant is not disabled and can engage in work that exists in significant numbers in the national economy." Hill v. Astrue, 698 F.3d 1153, 1161 (9th Cir. 2012); Bowen, 482 U.S. at 146 n.5.

## V.  THE ALJ's DECISION

The ALJ made the following findings:

> 1. The claimant last met the insured status requirements of the Social Security Act on December 31, 2016.
>
> 2. [Step 1] The claimant did not engage in substantial gainful activity during the period from her alleged onset date of May 1, 2013 through her date last insured of December 31, 2016 (20 C.F.R. § 404.1571 *et seq.*).
>
> 3. [Step 2] Through the date last insured, the claimant had the following severe impairments: degenerative disc disease of the lumbar spine, myofascial pain, cervical facet syndrome, causalgia of the bilateral upper and lower extremities, left hip greater trochanteric pain syndrome, bilateral shoulder acromioclavicular joint degeneration, left supraspinatus tendinopathy (20 C.F.R. § 404.1520(c)).
>
> 4. [Step 3] Through the date last insured, the claimant did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. § 404.1520(d), 404.1525 and 404.1526).
>
> 5. [Residual Functional Capacity ("RFC")] After careful consideration of the entire record, I find that, through the date last insured, that the claimant had the residual functional capacity to perform light work as defined in 20 C.F.R. § 404.1567(b) except she can lift, carry, push or pull 10 pounds frequently and occasionally; sit for six hours; and stand and walk for two hours.  She can occasionally climb ramps and stairs, climb ladders, ropes and scaffolds, stoop, kneel, crouch, and crawl.  She cannot be exposed to unprotected heights, work around dangerous machinery, or be exposed to extreme temperatures.  She cannot work at a production-rate pace where productivity is governed by a fixed, external force, such as an assembly line.
>
> 6. [Step 4] Through the date last insured, the claimant was unable to perform any past relevant work (20 C.F.R. § 404.1565).
>
> 7. [Step 5] The claimant was born in 1970 and was 46 years old, which is defined as a younger individual age 18-49, on the date last insured (20 C.F.R. § 404.1563).

8. [Step 5, continued] The claimant has at least a high school education and is able to communicate in English (20 C.F.R. § 404.1564).

9. [Step 5, continued] Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 C.F.R. Part 404, Subpart P, Appendix 2).

10. [Step 5, continued] Through the date last insured, considering the claimant's age, education, work experience, and residual functional capacity, there were jobs that exist in significant numbers in the national economy that the claimant could have performed (20 C.F.R. § 404.1569 and 404.1569(a)).

11. The claimant was not under a disability, as defined in the Social Security Act, at any time from May 1, 2013, the alleged onset date, through December 31, 2016, the date last insured (20 C.F.R. § 404.1520(g)).

AR 17-26.

As noted, the ALJ concluded that plaintiff was "not disabled" under Title II of the Act. AR 26.

## VI. ANALYSIS

Plaintiff argues the ALJ erred by assigning an RFC of light work, failing to find plaintiff's right breast cancer condition to be "severe," and not giving deference to the opinion and findings of plaintiff's treating oncologist, Dr. Bangalore. ECF No. 15 at 3-4. Plaintiff argues these errors were harmful such that the case should be remanded to the Commissioner for further proceedings. Id. at 13.

A. The RFC Supports a Light Work Categorization

Plaintiff argues that the ALJ erroneously concluded plaintiff could perform work in the national economy by categorizing her Residual Functional Capacity ("RFC") as one of light work under 20 C.F.R. § 404.1567, when the RFC actually assessed limitations consistent with a categorization of sedentary work. ECF No. 14 at 4. Plaintiff correctly points out that the ALJ provided an RFC finding in which she ostensibly limited Plaintiff to light exertion work under 20 C.F.R. § 404.1567(b), but then provided further detailed restrictions that were close to (but not the same as) those of sedentary exertion work under 20 C.F.R. § 404.1567(a). ALJs routinely

6

provide additional limitations that further refine an RFC categorization.  Even if there were any error in classifying the RFC as one of "light work" instead of "sedentary work," which the court does not believe there was, the error would be harmless because the ALJ asked the vocational expert (VE) a hypothetical question properly reflecting the full scope of limitations contained in the RFC finding (AR 65).  In response, the VE testified to a reduced number of jobs available to someone with plaintiff's particular limitations (AR 66).  Indeed, the VE specifically eroded evaluable jobs based on the sitting/standing limitations.  Id.  For example, the VE found that "a cashier 2 at a stool would still be appropriate."  Id.  Because the VE considered plaintiff's exact RFC limitations, the undersigned finds there can be no reversible error in the ALJ categorizing the RFC as light instead of sedentary.  See Robbins, 466 F.3d at 885.

   B. The ALJ Properly Considered All Severe and Non-Severe Impairments at Step Two

"The step-two inquiry is a de minimis screening device to dispose of groundless claims." Smolen v. Chater, 80 F.3d 1273, 1290 (9th Cir. 1996).  The purpose is to identify claimants whose medical impairment is so slight that it is unlikely they would be disabled even if age, education, and experience were taken into account.  Bowen v. Yuckert, 482 U.S. 137, 153 (1987). At step two of the sequential evaluation, the ALJ determines which of claimant's alleged impairments are "severe" within the meaning of 20 C.F.R. § 404.1520(c).  "An impairment is not severe if it is merely 'a slight abnormality (or combination of slight abnormalities) that has no more than a minimal effect on the ability to do basic work activities.'"  Webb v. Barnhart, 433 F.3d 683, 686 (9th Cir. 2005) (quoting Social Security Ruling ("SSR") 96-3p, 1996 SSR LEXIS 10 (1996)).  The step two severity determination is "merely a threshold determination of whether the claimant is able to perform his past work.  Thus, a finding that a claimant is severe at step two only raises a prima facie case of a disability."  Hoopai v. Astrue, 499 F.3d 1071, 1076 (9th Cir. 2007).

At the second step, plaintiff has the burden of providing medical evidence of signs, symptoms, and laboratory findings that show that his or her impairments are severe and are expected to last for a continuous period of twelve months.  Ukolov v. Barnhart, 420 F.3d 1002, 1004-05 (9th Cir. 2005); see also 20 C.F.R. §§ 404.1509, 404.1520(a)(4)(ii), 416.909,

416.920(a)(4)(ii).  An ALJ's finding that a claimant is not disabled at step two will be upheld where "there are no medical signs or laboratory findings to substantiate the existence of medically determinable physical or mental impairment."  Ukolov, 420 F.3d at 1005.

Here, the ALJ found the following severe impairments at the second step: degenerative disc disease of the lumbar spine, myofascial pain, cervical facet syndrome, causalgia of the bilateral upper and lower extremities, left hip greater trochanteric pain syndrome, bilateral shoulder acromioclavicular joint degeneration, and left supraspinatus tendinopathy.  AR 18.  Plaintiff argues the ALJ should have found her right breast cancer condition to be "severe."  ECF No. 15 at 7-9.  However, the Commissioner is correct that any step two error is immaterial because the ALJ must consider all limitations in assessing a claimant's RFC through "a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts . . . and nonmedical evidence . . . ."  Bradley v. Colvin, No. 2:15-cv-1026-EFB, 2016 WL 5395956, at *3 (E.D. Cal. Sept. 26, 2016) (quoting SSR 69-8p); 20 CFR § 404.1545(a)(2) (2017); ECF No. 15 at 7; ECF No. 21 at 7.  An ALJ is required to discuss and evaluate evidence that supports her conclusion but is not required to do so under any specific heading.  Ball v. Colvin, No. CV 14–2110–DFM, 2015 WL 2345652, at *3 (C.D. Cal. May 15, 2015) (internal citations omitted).

Here, the ALJ discussed plaintiff's breast cancer and her depression when determining they were non-severe impairments (AR 18-19), and then analyzed whether plaintiff's alleged symptoms were consistent with the record (AR 21-22).  Because the ALJ considered all symptoms in making her findings, AR 18-23, any step two error is harmless.

C. Dr. Bangalore's Opinion

Plaintiff argues that the ALJ failed to give Dr. Bangalore's opinion controlling weight as plaintiff's primary treating physician.  ECF No. 15 at 10.

1. The Medical Opinion Evidence

The relevant medical opinion evidence considered by the ALJ includes two state agency medical consultants and plaintiff's treating oncologist, Neelesh Bangalore, MD.

B. Sheehy, MD, the State agency medical consultant at the initial level, opined that the claimant can lift and carry 20 pounds occasionally and 10 pounds frequently and sit, walk or

stand for about six hours in an eight-hour workday. AR 77. Dr. Sheehy further opined that the claimant can occasionally climb ramps, stairs, ladders, ropes and scaffolds, stoop, kneel, crouch, or crawl. AR 78. The ALJ assigned partial weight to the opinion but noted additional lifting, carrying, standing, walking, workplace environmental condition, and pace limitations were warranted. AR 23-24.

Robert E. Vestal, MD, the State agency medical consultant at the reconsideration level, opined that the claimant can lift and carry 20 pounds occasionally and 10 pounds frequently and sit, walk or stand for about six hours in an eight-hour workday. AR 93-94. Dr. Vestal further limited the claimant such that she can occasionally climb ramps, stairs, ladders, ropes and scaffolds, stoop, kneel, crouch, or crawl. Id. The ALJ gave Dr. Vestal partial weight to these opinions finding them consistent with the record, including imaging demonstrating degenerative changes of the spine, but also steady gait, full motor strength and normal tone, and full range of motion and intact sensation of the extremities, but concluded that additional limitations regarding lifting, carrying, standing, walking, workplace environmental conditions, and pace were warranted. AR 24.

Neelesh Bangalore, MD, the claimant's treating oncologist, filled out a post cancer treatment medical source statement on September 8, 2017. AR 805-808. Dr. Bangalore stated he had seen plaintiff every three months for over two years and treated her for breast cancer which was in remission. AR 805. Dr. Bangalore stated plaintiff had chronic fatigue as a result of cancer treatment and continued to experience side effects of Tamoxifen, and that she suffers from depression, anxiety, and disturbed sleep. Id. Dr. Bangalore also stated plaintiff continued to take Gabapentin, which "puts her to sleep." Id. Dr. Bangalore wrote that plaintiff's impairments lasted or can be expected to last at least twelve months. Id. The doctor opined that plaintiff could sit for 30 minutes at a time, stand for 20 minutes at a time, is not capable for working an eight-hour workday, or 40 hours a week, and cannot work at all. AR 806. Dr. Bangalore further opined that the claimant's legs should be elevated with prolonged sitting due to numbness, the claimant can never lift less than 10 pounds, twist, stoop, crouch, or climb ladders or stairs; or grasp, turn, or twist objects, finger, or reach in any direction bilaterally. AR 807. Dr. Bangalore

further opined that the claimant is incapable of even "low stress work," has no good days, and cannot tolerate extreme temperatures. AR 808. The ALJ assigned little weight to Dr. Bangalore's opinion "because there is no support in the medical evidence of record for such extreme limitations, essentially amounting to a complete inability to function [. . . and] the opinion that the claimant is able or unable to work is one requiring a legal conclusion reserved for the Commissioner (20 CFR 404.1527(d))." AR 23.

    2.   Principles Governing the ALJ's Consideration of Medical Opinion Evidence

The weight given to medical opinions depends in part on whether they are proffered by treating, examining, or non-examining professionals. Lester v. Chater, 81 F.3d 821, 834 (9th Cir. 1996). "Those physicians with the most significant clinical relationship with the claimant are generally entitled to more weight than those physicians with lesser relationships. As such, the ALJ may only reject a treating or examining physician's uncontradicted medical opinion based on clear and convincing reasons. Where such an opinion is contradicted, however, it may be rejected for specific and legitimate reasons that are supported by substantial evidence in the record." Carmickle v. Comm'r, Soc. Sec. Admin., 533 F.3d 1155, 1164 (9th Cir. 2008) (internal citations omitted). This standard, known as the Treating Physician Rule, was in effect at the time plaintiff filed her disability application and is therefore the governing standard in this case.[4]

"The general rule is that conflicts in the evidence are to be resolved by the Secretary and that his determination must be upheld when the evidence is susceptible to one or more rational interpretations." Winans v. Bowen, 853 F.2d 643, 647 (9th Cir. 1987). However, when the ALJ resolves conflicts by rejecting the opinion of an examining physician in favor of the conflicting opinion of another physician (including another examining physician), he must give "specific and legitimate reasons" for doing so. Regennitter v. Comm'r of Soc. Sec. Admin., 166 F.3d 1294,

---

[4] The 2017 new regulations promulgated by the Social Security Administration eliminate the deference given to treating physicians providing that the SSA "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) . . . including those from your medical sources" when evaluating claims filed after March 27, 2017. 20 C.F.R. § 416.920c (titled "How we consider and articulate medical opinions and prior administrative findings for claims filed on or after March 27, 2017"). Plaintiff's claim was filed March 21, 2017, and therefore narrowly escapes the applicability of the rule change. AR 15.

1298-99 (9th Cir. 1999) ("Even if contradicted by another doctor, the opinion of an examining doctor can be rejected only for specific and legitimate reasons that are supported by substantial evidence in the record.").

### 3. The ALJ Erred in Assigning Little Weight to Dr. Bangalore's Opinion

"A treating physician's opinion on disability, even if controverted, can be rejected only with specific and legitimate reasons supported by substantial evidence in the record." Reddick v. Chater, 157 F.3d 715, 725 (9th Cir. 1998). The ALJ gave two reasons for giving little weight to Dr. Bangalore's opinion: (1) the assertion that there was "no support in the medical evidence of record for such extreme limitations" and (2) the fact that Dr. Bangalore opinioned that plaintiff could not work, which is a legal conclusion reserved to the Commissioner. AR 23. No further explanation was given. The ALJ's two reasons for discrediting Dr. Bangalore are not sufficient.

First, in determining that there is "no support" for Dr. Bangalore's opinion in the record, the ALJ cited the following records: visit notes from New England Neurological Associates regarding back pain (AR 311, 313, 317), back pain assessments from Yuil Medical Center (AR 347, 350, 353, 356, 359, 362, 365, 368, 374), medical records from Dignity Health in which plaintiff complained of a lump in her breast before any cancer diagnosis (AR 657-58) and received trigger point injections for neck pain (AR 665-66), and routine gynecological testing with a nurse practitioner while undergoing chemotherapy (AR 691). The ALJ also referenced two pages of records from back and pelvic pain related assessments. AR 769, 776. Glaringly absent from these citations are any of Dr. Bangalore's own records, even though he saw plaintiff regularly for multiple years and was her treating oncologist, and his notes are included throughout the record (AR 421-509, 795-803, 829-830). It is true of course that an ALJ is not required to accept a conclusory physician opinion that is unsupported by clinical findings. Young v. Heckler, 803 F.2d 963, 968 (9th Cir. 1986). But the ALJ in this case entirely failed to review Dr. Bangalore's clinical findings and cited irrelevant or only tangentially related medical records to find that his opinion had "no support" in the record.

Second, the assertion that Dr. Bangalore opined on a legal conclusion reserved to the Commissioner is not, on its own, a sufficient or legitimate reason to discredit his medical opinion.

The ALJ is of course correct that the determination of whether a claimant is disabled is reserved for the Commissioner, and statements "by a medical source that [a claimant] is 'disabled' or 'unable to work' " "are not medical opinions." 20 C.F.R. §§ 404.1527(e), 416.927(e). Courts in this district have explained that "an ALJ is not obligated to provide detailed reasons for rejecting a medical expert's opinion regarding the ultimate question of disability." James v. Astrue, 2012 U.S. Dist. LEXIS 139929, at *25 (E.D. Cal. Sept. 27, 2012) (citing Nyman v. Heckler, 779 F.2d 528, 531 (9th Cir.1985)). Nonetheless, the ALJ's right to ignore Dr. Bangalore's legal conclusions regarding disability did not entitle her to discredit all Dr. Bangalore's assessed limitations without further rationale. See, e.g., Hoefle v. Colvin, No. 1:12-CV-01719-JLT, 2014 WL 806962, at *13 (E.D. Cal. Feb. 28, 2014) ("the ALJ must consider the assessment offered by a treating physician, even if the conclusion is a finding reserved for the Commissioner."). The ALJ thus erred in discrediting Dr. Bangalore without providing specific and legitimate reasons.

### D. Remand for Further Consideration is Appropriate

An error is harmful when it has some consequence on the ultimate non-disability determination. Stout v. Comm'r, Soc. Sec. Admin., 454 F.3d 1050, 1055 (9th Cir. 2006). Failure to properly assess Dr. Bangalore's opinion was clearly harmful. Where, as here, "the Commissioner fails to provide adequate reasons for rejecting the opinion of a treating or examining physician, we credit that opinion as a matter of law." Harman v. Apfel, 211 F.3d 1172, 1178 (9th Cir.2000), cert. denied, 531 U.S. 1038 (2000). The Ninth Circuit uses the following test for determining when evidence should be credited, and an immediate award of benefits directed:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

Id. (quoting Smolen v. Chater, 80 F.3d 1273, 1292 (9th Cir.1996)).

Under the circumstances presented in this case, a remand for further consideration is appropriate because there are outstanding issues to be resolved. Because the ALJ failed to consider Dr. Bangalore's own records in assessing his opinion, there are open questions regarding

the supportability of his stated limitations that the ALJ is in the best position to address. It is for the ALJ to determine in the first instance whether plaintiff has severe impairments and, ultimately, whether she is disabled under the Act. See Marsh v. Colvin, 792 F.3d 1170, 1173 (9th Cir. 2015) ("the decision on disability rests with the ALJ and the Commissioner of the Social Security Administration in the first instance, not with a district court"). "Remand for further administrative proceedings is appropriate if enhancement of the record would be useful." Benecke v. Barnhart, 379 F.3d 587, 593 (9th Cir. 2004). Here, the ALJ failed to properly consider Dr. Bangalore's opinion as a treating physician in light of the full record. Further development of the record consistent with this order is necessary, and remand for further proceedings is the appropriate remedy.

## VII.  CONCLUSION

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 15), is GRANTED;

2. The Commissioner's cross-motion for summary judgment (ECF No. 21), is DENIED;

3. This matter is REMANDED to the Commissioner for further consideration consistent with this order; and

4. The Clerk of the Court shall enter judgment for plaintiff and close this case.

DATED: October 7, 2021

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE